### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      v.<br><br>LONNEL DIGGS,<br>   a/k/a "CASH,"<br>   a/k/a "CASHIOSO RUNZITUP" | No. 2:23-mj-200-KFW |

### UNITED STATES' OPPOSITION TO
### DEFENDANT'S MOTION TO REOPEN DETENTION HEARING

After a lengthy and hotly contested detention hearing on July 25, 2023 -- which notably included testimony from a proposed third-party custodian -- this Court concluded that there was "no condition or set of conditions" that could reasonably assure the defendant's appearance in court as required and "the safety of another person or the community." ECF No. 38, at 1-2. Undeterred, the defendant has now moved to reopen the detention hearing. ECF No. 46. The sole ground for the defendant's motion is his identification of yet another woman who is apparently willing to "house Mr. Diggs, provide him with employment, and offer *a degree of* custodial supervision." *Id.* at 1 (emphasis added). Setting aside for now the question of whether this person's offer of assistance materially changes the calculus in favor of release, the government opposes the motion because the defendant has simply failed to meet the clear standard for reopening a detention hearing set forth in 18 U.S.C. § 3142(f)(2).

Section 3142(f)(2) provides in pertinent part that the court may reopen a detention hearing at any time before trial "if the judicial officer finds that information exists that was *not known to the movant at the time of the hearing* and that has a *material bearing* on the issue whether there are conditions of release that will

1

reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2) (emphasis added). The courts in this circuit and elsewhere have "interpreted strictly the statutory provision authorizing the re-opening of a detention hearing, holding that hearings should not be re-opened if the evidence proffered was available at the time of the hearing." *United States v. Casillas Montero,* 2023 WL 2214325, at *5 (D.P.R. Feb. 24, 2023) (collecting cases).

The seminal case in this circuit is *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991). In that case, the defendant sought to re-open a detention hearing based on his submission of letters and affidavits from various friends and relatives, and the defendant's father's willingness to post his family home as security. 938 F.2d at 1415. The First Circuit summarily affirmed the district court's decision not to re-open the detention hearing because the information proffered by the defendant was not "new information within the meaning of § 3142(f)." *Id.* (*citing United States v. Hare,* 873 F.2d 796, 799 (5th Cir. 1989)).

In this case, the defendant presumably had a relationship with the proposed third-party custodian that predated his detention hearing on July 25, 2023.[1] By definition, this information was "not unknown to Defendant at the time of his detention hearing." *See United States v. Ward,* 235 F. Supp. 2d 1183, 1185 (N.D. Okla. 2002).

Nor does it matter whether the defendant *knew* that Ms. Elwell would be willing to serve as a third-party custodian at the time of the hearing. The court in *Ward* considered and rejected the identical argument, holding that "[t]he test is whether the

---

[1] If he did not, and this individual was not known to the defendant before he was ordered detained on July 25, 2023, then that standing alone warrants denial of the motion. This individual could not possibly be an adequate third-party custodian if she only met him within the past few weeks and has never known him in the community.

*information* was unknown at the time of the hearing, not whether a witness' *willingness to testify* was unknown to the movant." *Id.* (emphasis in original). *See also United States v. Mateo Soto,* 2017 WL 3705797, at *2 (D. Mass. Aug. 25, 2017) ("In applying Section 3142(f)'s authorization to reopen, courts have interpreted the language 'not known to the movant at the time of the hearing' to include information about which the movant *should have known and acted upon*.") (emphasis added); *United States v. Spring,* 2014 WL 6609156, at *2 (D. Mass. Nov. 20, 2014) ("It seems clear that the cases interpret this statutory language to mean not just actual knowledge, but also constructive knowledge, *i.e.*, knowledge 'that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person'").

Finally, even if the information proffered by the defendant in his motion were to be considered "new," it clearly cannot be considered "material" to the Court's determination of flight risk or danger to the community. *See United States v. Casillas Montero,* 2023 WL 2214325, at *5 ("Absent material impact on the court's adjudication of the facts supporting detention and a potential to justify the reopening of a bail determination, there is no basis to allocate the court's time and resources to a renewed hearing.").

This court's decision to detain the defendant pending trial was not based on any perceived infirmity with the defendant's proposed third-party custodian on July 25, 2023. As this Court noted from the bench and in its order, the Court detained this defendant because he is dangerous and because he is a clear risk of flight. The fact that the defendant has now found someone else to step forward and volunteer to serve as a third-party custodian does not meaningfully change that analysis or the Court's conclusions.

## CONCLUSION

For all the reasons set forth above, the government respectfully requests that the Court deny the defendant's motion to reopen his detention hearing.

| | |
|---|---|
| Date: September 21, 2023 | Respectfully Submitted:<br><br>DARCIE N. MCELWEE<br>United States Attorney<br><br>*/s/ Sheila W. Sawyer*<br><br>SHEILA W. SAWYER<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>100 Middle Street<br>Portland, Maine 04101<br>(207) 780-3257<br>Sheila.Sawyer@usdoj.gov |

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 21, 2023September 21, 2023, I electronically filed **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING** with the Clerk of Court using the CM/ECF system which will send notifications of such filing(s) to all counsel of record.

                              DARCIE N. MCELWEE
                              United States Attorney

                              */s/ Grace C. Herrick*
                              GRACE C. HERRICK
                              Paralegal Specialist

On behalf of: Sheila Sawyer
                              Assistant United States Attorney
                              U.S. Attorney's Office
                              100 Middle Street Plaza, East Tower
                              Portland, ME  04101
                              (207) 780-3257
                              Sheila.Sawyer@usdoj.gov