# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        v.<br><br>LONNEL DIGGS,<br>    a/k/a "CASH,"<br>    a/k/a "CASHIOSO RUNZITUP" | No. 2:23-mj-200-KFW |

## UNITED STATES' REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING

For all the reasons set forth in its initial opposition brief, the government respectfully urges this Court to deny the defendant's Motion to Reopen Detention Hearing. None of the information provided in the defendant's Reply to Government's Opposition changes the basic facts. The defendant chose to move forward with a detention hearing on July 25, 2023, and vigorously litigated the issue of detention at that hearing. He proffered a third-party custodian, who actually testified at the hearing. Now, eight weeks after the fact, the defendant is attempting to have another bite at the apple. This Court should deny the defendant the opportunity to do so.[1]

As more fully described below, the defendant has failed to meet his burden of establishing that information exists that was not known to him or *could not* have been discovered by him through the reasonable exercise of due diligence, which warrants reopening his detention hearing. In his reply brief, the defendant contends that he did

---

[1] In his reply brief, the defendant argues that he only had a "window of approximately one week" to prepare for the detention hearing, and that "[p]ractical limitations interfered with his ability to develop a cogent release plan" as of July 25, 2023. ECF No. 48, at 1. This is a specious argument. The defendant could easily have sought to continue the hearing to a later date in order to provide him with sufficient time to develop a "cogent release plan." He did not do so and instead chose to litigate the issue of detention on July 25, 2023, obviously believing that his "plan" as of that date would carry the day. It did not, and the law is clear that defendants are not allowed to perpetually litigate the issue of pretrial detention simply because they lose on the issue the first time around.

1

not know his newly proposed third-party custodian, Ms. Elwell, before the original detention hearing. *See* ECF No. 48, at 1 (arguing that the government is "mistaken" in its assumption that Ms. Elwell was "a known party pre-dating the original detention hearing"). Setting aside for a moment whether someone who is essentially a stranger to the defendant could ever be an appropriate third-party custodian, the bottom line is that the defendant clearly *could* have discovered that Ms. Elwell was available had he simply exercised reasonable due diligence. That conclusion is self-evident from the fact that the defendant apparently *did* persuade Ms. Elwell to serve in this capacity a mere three weeks after his initial detention hearing. As the court in *United States v. Spring* noted, defendants are charged with constructive knowledge of information that they could have obtained using "reasonable care or diligence." 2014 WL 6609156, at *2 (D. Mass. Nov. 20, 2014). Therefore, in this case, the proffered information is not "new" within the meaning of the Bail Reform Act.

Perhaps more fundamentally, however, the defendant has utterly failed to meet his burden of showing that this information is "material" to the issue of release. In considering this issue, courts can consider the "full scope of Defendant's history and characteristics as show by the record and information the government presented at the [detention] hearing." *See United States v. Miller,* 2017 WL 841277, at *4 (D. Mass. Mar. 3, 2017). In this case, after conducting a thorough review of the factors set forth in 18 U.S.C. § 3142(g) (including in particular the defendant's history and characteristics), this Court concluded that the defendant posed a danger to the community and a flight risk. Nothing about Ms. Elwell's willingness to "provide a more suitable living situation" and a modicum of supervision, ECF No. 48 at 1, changes the "release-detention calculus." *Miller,* 2017 WL 841277, at 3. *See also United States v. Casillas Montero,*

2023 WL 2214325, at *5 ("Absent material impact on the court's adjudication of the facts supporting detention and a potential to justify the reopening of a bail determination, there is no basis to allocate the court's time and resources to a renewed hearing.").

## CONCLUSION

For all the reasons set forth above, the government respectfully requests that the Court deny the defendant's motion to reopen his detention hearing.

Date:  September 27, 2023                         Respectfully Submitted:

DARCIE N. MCELWEE
United States Attorney

*/s/ Sheila W. Sawyer*

SHEILA W. SAWYER
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
Sheila.Sawyer@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 27, 2023, I electronically filed **UNITED STATES' REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING** with the Clerk of Court using the CM/ECF system which will send notifications of such filing(s) to all counsel of record.

    DARCIE N. MCELWEE
    United States Attorney

    */s/ Grace C. Herrick*
    GRACE C. HERRICK
    Paralegal Specialist

On behalf of: Sheila Sawyer
    Assistant United States Attorney
    U.S. Attorney's Office
    100 Middle Street Plaza, East Tower
    Portland, ME  04101
    (207) 780-3257
    Sheila.Sawyer@usdoj.gov