# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | |
|---|---|
| V. | No.: 2:23-cr-00134-NT |
| LONELL DIGGS | |

## SUPPLEMENT TO AGREEMENT TO PLEAD GUILTY

The United States of America, by and through Darcie N. McElwee, United States Attorney for the District of Maine, and Sheila Sawyer, Assistant United States Attorney, and Lonnel Diggs (hereinafter "Defendant"), acting for himself and through his counsel, Jeffrey Langholtz, Esquire, enter into the following Supplement to the *Agreement to Plead Guilty (With Stipulations and Appeal Waiver)* filed on July 16, 2024 ("Agreement") (Dkt. 80).

1. **The Agreement.** This Supplement is expressly incorporated into and made part of the Agreement. The parties agree that all promises, understandings, conditions, consents, waivers, and provisions of the Agreement remain in effect except as expressly modified herein.

2. **Forfeiture.** Defendant agrees to immediately and voluntarily waive and forfeit any claim to and interest in, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States. Defendant agrees to the judicial forfeiture of any such property upon conviction of any of the offenses set forth in the Indictment, including the offense in violation of Title 18, United States Code, Section 922(g)(1) set forth in Count Seven of the Indictment. That property includes, but is not limited to:

   A. Beretta M9A3 bearing Serial No. B033014Z;

  B. Grand Power Stribog, Model SP9A1, 9mm, Serial No. GSA25875;

  C. Browning, Model 1911-380, 380acp, Serial No. 51-HY2110101;

  D. 102 rounds of assorted ammunition;

  E. 1 magazine "Pro Mg" 9 mm; and

  F. 1 spent cartridge 7.62 cal

(the "Forfeitable Property").

 Defendant further:

  A. Agrees to hold the United States, its agents and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case harmless from any claims in connection with the seizure and forfeiture, as well as the seizure, detention, and return of any property in connection with the investigation and prosecution of this case;

  B. Understands that, unless the Attorney General or an authorized designee determines otherwise, none of the forfeitures set forth in this section shall be deemed to satisfy or offset any assessment, fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed by Defendant to the United States;

  C. Agrees not to contest any administrative or judicial forfeiture proceedings commenced against the Forfeitable Property and not to assist any other individual in contesting the forfeiture of the Forfeitable Property. Defendant waives the 60- or 90-day notice requirement under 18 U.S.C. § 983 for administrative forfeiture;

  D. Withdraws any and all claims and/or petitions for remission for all or part of the Forfeitable Property filed personally or on Defendant's behalf by any other individual or entity. Defendant waives any right Defendant may have to seek remission or mitigation of the forfeiture of the Forfeitable Property;

  E. Agrees to take all steps as requested by the United States to pass clear title to the Forfeitable Property to the United States including, but not limited to, the execution of a Consent Decree of Forfeiture

and the completion of any other legal documents required for the transfer of title to the United States;

F. Waives all constitutional, statutory, and any other challenges in any manner (including, without limitation, by direct appeal and/or habeas corpus) to any forfeiture carried out in accordance with this Plea Agreement (as modified by this Supplement) on any grounds, including the following: (i) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (ii) the Court's failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(l)(J) at the change of plea hearing; and, (iii) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

3. <u>Validity of Other Agreements; Signature</u>. The Agreement as modified by this Supplement supersedes any prior understandings, promises, or conditions between the United States and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached the Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Supplement.

I have read this Supplement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 8·19·2024                                    _____
                                                                    Lonnel Diggs, Defendant

3

I am legal counsel for Lonnel Diggs. I have carefully reviewed every part of this Supplement with Lonnel Diggs. To my knowledge, Lonnel Diggs's decision to enter into this Supplement is an informed and voluntary one.

Date: 8·19·2024

_____
Jeffrey Langholtz, Esquire
Attorney for Defendant

FOR THE UNITED STATES:   Darcie N. McElwee
                         United States Attorney

Date: 8/19/2024

_Sheila W. Sawyer_
Sheila W. Sawyer
Assistant U.S. Attorney

Approved: _____
Supervisory Assistant U.S. Attorney

4

I am legal counsel for Lonnel Diggs. I have carefully reviewed every part of this Supplement with Lonnel Diggs. To my knowledge, Lonnel Diggs's decision to enter into this Supplement is an informed and voluntary one.

Date:_____

Jeffrey Langholtz, Esquire
Attorney for Defendant

FOR THE UNITED STATES:   Darcie N. McElwee
United States Attorney

Date: 8/12/2024

Sheila W. Sawyer
Assistant U.S. Attorney

Approved: _____

Supervisory Assistant U.S. Attorney

4